### C. A. M. Yarbra *v.* James Specht.

**Practice—Exceptions.**

> The failure to have the court pass upon exceptions taken to the introduction of evidence is a waiver of all objections to evidence.

**Bill of Particulars.**

> A defendant has a right to demand a bill of particulars before he answers, but where he answers without one he waives his right to raise the question.

**Bond for Costs.**

> The failure of a non-resident plaintiff to give bond for costs at the time of commencing suit, was ground for dismissing it, but when on defendant's motion the plaintiff was ruled to give bond and did so, no motion having been made to dismiss, defendant waived his right to raise any question as to the failure to give such bond in the first instance.

#### APPEAL FROM LOUISVILLE CHANCERY COURT.

October 23, 1875.

OPINION BY JUDGE COFER:

Although the appellee should have sued in the common pleas court, the failure of the appellant to move to transfer the cause to that court was a waiver of that irregularity.

The evidence proves that the appellant was a non-resident when

the suit was commenced, and the fact that he was served with process here does not rebut that evidence. Much of the evidence was incompetent, and might have been excluded; but the exceptions of the appellant to that evidence do not seem to have been acted upon, except as to the deposition of the appellee; and the failure to have the court below to pass upon them was a waiver of all objections to the evidence.

It seems that the exceptions to the appellee's own deposition were sustained (though we find no such order in the record), and the order sustaining the exceptions was afterwards set aside. This is complained of, but again the appellant has failed to except. None of the evidence having been excluded, but all taken being before the court, it was ample to warrant the judgment rendered. The appellant has a right to demand a bill of particulars before he answers, but having answered without one, it is now too late to raise that objection.

The appellant having been proved to have been a non-resident when the suit was commenced, the attachment was properly sustained. There is no evidence whatever that appellant ever resided upon the land levied on and adjudged to be sold; the evidence is conclusive that he resided in Tennessee when the suit was commenced; and he has, therefore, wholly failed to show a right to a homestead exemption. There was no sufficient ground made out for a new trial. If the appellant had evidence to take, he should have asked for a continuance instead of waiting until a judgment was rendered, and then moving for a new trial. If he desired to rely upon the statute of limitations, he should have pleaded it, and if he could not plead it without a bill of particulars, he should have asked for a rule to compel the plaintiff to furnish one.

We do not find that the appellant set up any demands against the appellee, and there was, therefore, none to be credited on the demand for which he was sued. The failure to execute bond for costs at the time of commencing the suit would have been ground for dismissing it; but upon the appellant's motion, the appellee was ruled to give bond, and did so; and no motion was at any time made to dismiss on that ground; and it is too late to raise the question for the first time in this court.

The appellant having been served with process, and having appeared in the action, the bond mentioned in Subsec. 2, Sec. 44,

Civil Code, was not required to be executed.   Perceiving no error in the judgment it is *affirmed.*

*John C. Walker, W. C. Whitaker, for appellant.*
*Clemmons, Willis, for appellee.*